**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

PAUL BENJAMIN GOIST,          :
                              :
   Petitioner,      :
                              :
  vs.                     :   CIVIL ACTION NO.: CV205-074
                              :
JOSE M. VASQUEZ, Warden,      :
                              :
   Respondent.      :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Paul Benjamin Goist ("Goist"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C.A. § 2241. Respondent filed a Motion to Dismiss, and Goist has filed a Response. Goist filed a Motion for Summary Judgment, and Respondent has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**, and Goist's Motion for Summary Judgment should be **DISMISSED**.

## STATEMENT OF THE CASE

After a jury trial, Goist was convicted in the Northern District of Ohio of two counts of unarmed robbery, in violation of 18 U.S.C.A. § 2113(a), on June 1, 2001. Goist was sentenced to twenty years' imprisonment and three years' supervised release on October 18, 2001. (CR4:00-489, Dkt. No. 80.) Goist appealed, and the Sixth Circuit Court of Appeals affirmed his conviction and sentence on March 7, 2003. United States v. Goist, 59 Fed. Appx. 757 (6th Cir. 2003). On May 29, 2003, Goist filed a motion to vacate his

AO 72A
(Rev. 8/82)

sentence pursuant to 28 U.S.C.A. § 2255 in the Northern District of Ohio; Goist's motion was denied on December 30, 2003. (CV4:03-1048, Dkt. Nos. 1 and 26.) Goist filed a notice of appeal with the Sixth Circuit on January 15, 2004, and that court denied him a certificate of appealability on November 29, 2004.

In the instant petition, Goist asserts that his right to an indictment by a federal grand jury pursuant to 18 U.S.C.A. § 3161 was violated. Specifically, Goist asserts that he was arraigned more than thirty (30) days after he was arrested, which is violative of this statute. Goist alleges that the instructions the trial court gave to the jury were clearly defective and deprived him of his right to a fair trial. Goist also alleges that the Government failed to prove each and every element charged in the indictment and that the Government invaded the province of the jury. Goist contends that statements he made to a federal agent were wrongfully admitted at trial because he invoked his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694 (1966), during an interrogation. Goist avers that his sentence violates the ex post facto clause[1] because the imposition of three years' supervised release resulted in his sentence exceeding the statutory maximum sentence. Goist asserts that there was insufficient evidence of his guilt presented at trial. Goist also asserts that he is actually innocent of the crimes for which he was convicted.

Respondent contends that Goist has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241, and, accordingly, his petition should be dismissed. (Mot. to Dismiss, p. 4.)

---

[1] Goist contends that he is entitled to summary judgment because his sentence is in violation of the ex post facto clause. (Doc. No. 28.)

2

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.A. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C.A. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[2]

Goist has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C.A. § 2241. He contends that the remedy afforded under section 2255 is inadequate or ineffective to test the legality of his detention because the Northern District of Ohio failed to "liberally construe" his section 2255 motion and was biased against him due to statements he made during his trial and sentencing proceedings. (Pet., p. 7.)

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Goist has failed to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because the court

4

having jurisdiction in Goist's previously filed § 2255 motion denied his requested relief, the remedy afforded by section 2255 cannot be deemed to be inadequate or ineffective to challenge the legality of his detention. It is unnecessary to address Goist's allegation of actual innocence, as he has failed to show that he has met the savings clause of section 2255. See Townsend v. McFadden, No. 04-15881, 2005 WL 2141805, at *1 (11th Cir. Sept. 7, 2005) (unpublished) (noting that a petitioner cannot argue that he is actually innocent until after he has shown that the savings clause applies).

In sum, Goist cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Goist is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 17) be **GRANTED**, and Goist's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DISMISSED**. It is also my **RECOMMENDATION** that Goist's Motion for Summary Judgment (Doc. No. 28) be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _16th_ day of September, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5